IN RE ESTATE OF ELLA REINKING TOWLE.

AMERICAN BOARD OF COMMISSIONERS FOR FOREIGN MISSIONS et al., appellants, v. WILMA I. RAYBURN, administratrix and trustee, et al., appellees.

No. 47925.

(Reported in 49 N.W.2d 558)

OCTOBER 16, 1951.

H. S. Hunn, of Des Moines, for appellants.

Wilma I. Rayburn and Shifflett & Bierman, all of Grinnell, and Herrick & Langdon and A. L. Wensel, all of Des Moines, for appellees.

SMITH, J.—The will of Ella Reinking Towle, executed in 1913 and probated in 1919, bequeathed to Anna Eder (cousin), Nellie S. Towle (stepdaughter) and Nellie Greene Clarke (friend) each an annuity for life of $500 payable out of income. The bequest to Miss Clarke provided that Miss Clarke's mother should succeed to the annuity for her life if her daughter predeceased her. But this contingency never arose and requires no further mention.

There were minor bequests, a residuary bequest of any undistributed income (not material here), a direction to convert the entire estate into cash "at the death of my last surviving beneficiary" and a residuary bequest of the entire proceeds. The owners of this remainder are the appellants here.

I. Our concern on this appeal is with the status of the annuity bequests. The income over the years was inadequate to make the payments. The trial court concluded:

"I think the right to the $500 is vested in the annuitants at each year and that any arrears in payments are still to be made up out of income. * * * I gather there is a deficiency * * *. That should be equalized out of the income on hand * * *.

"And it will be the order and decree of this court that the trust continue until such time as the deficiency in the payments of the annuities is made up from the income."

At the time of this decision two of the three annuitants were dead. The assignee of one and the estate of the other were parties to the proceedings, as was Miss Clarke, the one still living.

The decree found deficiencies in the annuity payments as follows: Anna Eder $11,000, Nellie S. Towle $13,000 and Nellie Greene Clarke $16,000; and ordered division of future income one third to each until the Eder shortage shall be paid, then one half to each of the remaining two until the Towle deficiency shall be made up, thereafter all to Miss Clarke "until there shall be paid to her, in addition to that heretofore so paid, a sum to equal, in all, the sum of $16,000." The decree then continued:

"And it is further by the court ORDERED that thereafter, there shall be paid to the said Nellie Greene Clarke, *or to her estate, unless all cumulative annuities shall have been paid to her in full prior to her death*, as income from the corpus of said trust, a sum equal to $500 per year for such time as the said Nellie Greene Clarke shall survive from and after December 25, 1949; *and thereafter, the corpus of said estate shall be distributed to those persons and in the respective shares hereinabove set forth.*" (Italics supplied.)

The language of the decision can only mean that the trust must remain open and undistributed until all deficiencies in meeting all annuity payments accruing during the lives of the respective annuitants shall be made up. Since the corpus of the estate is not much if any greater than the sum of the deficiencies, it is apparent the trust would have to remain open long after the death

of the last surviving beneficiary, upon the happening of which event the will says distribution of the corpus is to be made.

The decree is apparently based upon the language of the 1920 decree: "If at any time the income from said estate shall not be sufficient to pay said annuities in full, payment shall be made pro rata to those then entitled to receive the annuities, *the said annuities shall be held to be cumulative as against the income of said estate until fully paid.*" (Italics supplied.)

But this language must be read with a later paragraph of the same decree: "It is further ordered, adjudged and decreed that *after the death of the survivor of the life tenants*, Anna Eder, Nellie S. Towle, Nellie Greene Clarke and Nellie Clarke Parker, *said estate shall be reduced to cash* by the trustees and distribution made as follows: * * *." (Italics supplied.)

So read, the 1920 decree preserves the intent of the paragraph of the will which says: "At the death of my last surviving beneficiary, I direct that my entire estate both real, personal and mixed, then remaining shall be by my executors, converted into cash and paid * * *" (then follow details of manner of distribution of the corpus not material here). The decision here does not comply with either the will or decree in this respect.

We cannot hold the language of the will, either standing alone or as construed by the 1920 decree, manifests an intent that the corpus must be held undistributed indefinitely in order to earn sufficient income to pay each annuitant (or her successors in interest) her full $500 per year for the full term of her annuity. Upon the death of the last annuitant, that is, Miss Clarke, the corpus of the estate, by the express language of both the will and the 1920 decree, is to be distributed to the owners of the remainder in accordance with the will and the 1920 decree. No income thereafter can be available for payment of annuity arrears to the heirs, legatees or assigns of the deceased annuitants.

II. This holding by us does not mean that where the income proves insufficient in one year the unpaid portion may not be a continuing charge on, and paid from, income of later years so long as the estate is to remain open. Whether that be the case is said to be a question of intention. See 2 Am. Jur., Annuities, sections 20, 21. The arrears are to be paid out of subsequent in-

come unless the intention of the donor to the contrary is clearly shown. 3 C. J. S., Annuities, section 5a(2)(c), page 1382. We are left in no doubt here as to intention. The court, in 1920, held the annuities were "cumulative as against the income * * * until fully paid."

While, as we have already said, this language does not require the estate or trust to remain open beyond the time prescribed in the will, it does require application of the income of later years to payment of arrearages before that time.

While *accrual* of annuity installments ceases with the death of the annuitant, there is no indication in the will that the right to collect *accrued* unpaid installments terminates so long as there is available income. See 2 Am. Jur., Annuities, section 22.

We think the trial court here properly held future income should be prorated and applied to annuity deficiencies so long as such deficiencies exist. But this can be done only so long as there is available income for the purpose.

The decision is reversed and the case remanded for modification of the decree to safeguard the provision for closing of the estate and distribution of the corpus upon death of the last surviving beneficiary, viz., Nellie Greene Clarke.—Reversed.

All JUSTICES concur.